IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON C. BARLOW, III | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-743-B-BN |
| | § | |
| TED CRUZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clinton C. Barlow has filed a *pro se* action against Senator Ted Cruz, the United States of America, "Hon. U.S. Pres. G.W. Bush," and "Hon. U.S. Pres. L.B. Johnson." His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant Barlow leave to proceed *in forma pauperis* for the purpose of screening his complaint and dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

The complaint filed by Barlow, a resident of New Jersey, against the United States, Senator Cruz, President Bush, and the late President Johnson appears to contain vague allegations of civil rights violations against Barlow by the State of New Jersey. *See* Dkt. No. 3 at 1-6. Barlow attaches to his complaint copies of previous filings

he has made, all of which appear to include allegations as irrational or incredible as the ones made in the current complaint. *See id.* at 10-31. And Barlow appears to seek mandamus relief – in that he requests that federal actors investigate his claims against New Jersey or officials in that state. *See id.* at 5-6 (Barlow "is emergently petitioning to have [federal officials and former federal officials] issue an emergent mandamus order to order [other federal officials, including "the FBI Director"] to fully review and investigate [his] several alleged civil rights charges against [New Jersey officials]").

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within

a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Barlow fails to present a logical set of facts to support any claim for relief.

And, even if his claims had merit, Barlow "does not have a legal right to demand that the FBI[, for example,] investigate his, or any, complaint." *James v. Giddens*, Civ. A. No. 14-364-SDD-SCR, 2015 WL 5437345, at *2 (M.D. La. Sept. 14, 2015) (concluding that, there, the federal prisoner's "case should be dismissed as frivolous under 28 U.S.C. § 1915A because it clearly 'lacks an arguable basis in either law or fact'" (quoting *Neitzke*, 490 U.S. at 325)); *see Keelen v. F.B.I.*, 78 F. App'x 389, 390 (5th Cir. 2003) (per curiam) ("A writ of mandamus is not available to review the discretionary acts of officials. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). The FBI's decision to investigate a complaint is a discretionary decision. *See* 28 U.S.C. § 535(a).").

In *James*, the court relied on *Wrightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76 (D.D.C. 2010), in which that court held that

> "[it] is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C.1990). Under 28 U.S.C. § 535(a), the FBI "may investigate"

> certain crimes involving a Government official or employee; but it is not required to investigate every complaint filed. *See William van Allen v. Janet Reno*, No. 99-cv-1849, 2000 U.S. Dist. LEXIS 19128, at *4 (N.D.N.Y. Dec. 18, 2000) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) (finding that a private citizen cannot compel a government agency such as the Department of Justice or the FBI to open an investigation of alleged criminal activities); *Gant v. FBI*, 992 F. Supp. 846, 848 (S.D. W. Va. 1998). Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory one, *see Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995), and hence have denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity, *see Tyler v. U.S. Attorney*, No. 8:07CV361, 2007 WL 3028420, at *1-*2 (D. Neb. Oct. 16, 2007) (dismissing mandamus petition to compel the FBI to investigate and pursue criminal charges for tax collection); *van Allen*, 2000 U.S. Dist. LEXIS 19128, at *4-*5 (dismissing mandamus petition to compel FBI to conduct a criminal investigation); *Gant*, 992 F. Supp. at 848 (dismissing mandamus petition seeking to order FBI to investigate his complaint that he was drugged against his will and kidnapped); *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C.1991) (dismissing mandamus petition to compel FBI to investigate a family member's death). Also, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General," and mandamus relief cannot be sought in order to control the exercise of this discretion. *Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965) (per curiam); *see also McCabe v. Thornburg*, No. 90-5348, 1991 U.S.App. LEXIS 25419, at *1 (D.C. Cir. Aug. 6, 1991) (per curiam).

*Id.* at 81 (some citations modified); *see also Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009) ("Statutory mandamus, like its common-law predecessor, is 'intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984))).

## Recommendation

The Court should grant Barlow leave to proceed *in forma pauperis* and

summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 17, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE